# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

DORIAN BUCKNER                          :

v                                       :          Civil Action No. CCB-13-214

FRANK BISHOP, et al.                    :

. . . . . . o0o . . . . . .

## MEMORANDUM

Petitioner Dorian Buckner filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2241. In January of 2010, petitioner returned to the Division of Correction ("DOC"), following commitment to the custody of the Department of Health and Mental Hygiene ("DHMH"), where he received substance abuse treatment. Petitioner complains that he was issued a new DOC identification number which adversely impacted his security level classification and sentence computation. He alleges he is entitled to credit against his sentence for time spent in substance abuse treatment and challenges his security level classification. ECF No. 1. This relief has subsequently been granted. ECF No. 13, Exs. 2 & 3.

A chronology of petitioner's present custody informs this case. On November 21, 2007, a ten year sentence, commencing June 15, 2006, was imposed by the Circuit Court for Prince George's County following petitioner's conviction for distribution of CDS. ECF No. 13, Ex. 1. Petitioner's maximum expiration date for this sentence is June 15, 2016. *See* Md. Code Ann., Corr. Servs., § 3-701(1) and COMAR 12.02.06.01(B)(12).

On June 19, 2009, petitioner was released from confinement in the DOC and committed to the custody of the DHMH to receive substance abuse treatment. *Id*., Ex. 2. He returned to DOC custody on October 2, 2009, and was assigned a new inmate identification number. Subsequently, he received credit toward his sentence for the 105 days he underwent substance

abuse treatment. *Id*., Ex. 2.

Under Maryland law an inmate serving a term of confinement in the DOC may earn diminution of confinement credits. Upon earning sufficient diminution of confinement credits an inmate serving a term of confinement over 18 months is released from confinement on mandatory supervision. *See* Md. Code Ann., Corr. Servs., §§ 3-701—711 and § 7-501(a).

As of the date of filing of Respondent's Answer, Petitioner had been awarded a net total of 795 diminution credits from the June 15, 2016 maximum expiration date, yielding a mandatory supervision release date of April 12, 2014. *Id*., Ex. 3.

Before a petitioner may seek habeas relief in federal court, he or she must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A prisoner challenging the calculation of his release date has two possible avenues for relief in Maryland's state courts; by way of administrative proceeding and, in certain instances, by way of petition to the state courts.

Regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

1. Filing a complaint with the Inmate Grievance Office, ("IGO");
2. Appealing a final decision of the IGO to the Circuit Court;
3. Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court; and
4. <u>If</u> the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, seeking *certiorari* to the Court of Appeals.

A prisoner claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

1. Filing a petition for writ of habeas corpus in a Circuit Court;

2. Appealing a decision by the Circuit Court to the Court of Special Appeals; and
3. Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Respondents maintain that petitioner has not completed either of these procedures. ECF Nos. 1 & 13. While petitioner has filed Administrative Remedy Complaints ("ARPs") regarding his claims within the DOC and filed a Motion to Correct Illegal Sentence in the Circuit Court concerning credit for the time spent in the substance abuse program (ECF No. 1, Exs. 4 & 6), he has failed to complete the administrative process noted above. Petitioner maintains that he has been unable to do so because he is unable to afford the partial filing fee assessed by the Circuit Court for Allegany County required before appeal of the IGO decision can proceed. ECF No. 17.

Even if petitioner had exhausted his available remedies, he would not be entitled to relief, as an alleged error of state law is not a basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state court determinations on state law questions.") Rather, a federal court exercising habeas corpus jurisdiction is limited to deciding whether a prisoner's custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The record evidence demonstrates that although petitioner was assigned a new DOC inmate number, he has been granted all credit toward his sentence which he is due under either number, is lawfully in custody, and is not entitled to habeas relief for any violation of federal law or the Constitution.

While DOC policy indicates that an inmate should serve under the same DOC number when returned to the DOC after a stayed sentence, to the extent that written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of

due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987). Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Moreover, petitioner's claim regarding his security classification is unavailing. It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison rather than another absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Petitioner does not have a right to be housed in a particular prison or participate in a particular program, and the allegation that he should be assigned to pre-release or work status must be dismissed.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court or the final order in a proceeding under § 2255. *See Montez v. McKinna,* 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A)'s requirements apply when a state habeas petitioner is proceeding under § 2241). Because petitioner has not made a "substantial showing of the denial of a constitutional right," the court denies to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right").

Accordingly, a separate Order will be entered dismissing this action.

| 8/21/13 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |